UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE EVANS,

Petitioner,

v.                    6:13-cv-5

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is Wayne Evans's "Motion to Recal (sp) Final Judgment, And Allow Petitioner to File an Amended § 2255 Motion, Pursuant to Federal Rules (sp) of Civil Procedure, Rule 60(b)(6)." ECF No. 8. For the following reasons, the Court **DENIES** the motion.

Evans filed a 28 U.S.C. § 2255 petition earlier this year asserting seven grounds for relief. ECF No. 2 at 2-4. The Magistrate Judge recommended dismissing grounds 1, 2, 3, 4, and 6 as procedurally defaulted by Evans's failure to raise them on direct appeal. *Id.* at 4. The Magistrate addressed grounds 5 and 7 on the merits, ultimately recommending dismissal of those as well. *Id.* at 6-8. This Court adopted the Magistrate's Report and Recommendation as the opinion of the Court. ECF No. 6.

Evans present motion seeks to overturn the judgment of dismissal and allow him to amend his petition. ECF No. 8 at 1. Evans argues that he received bad advice from a fellow prisoner that led him to file a frivolous original petition. *Id.* at 2. An inmate with a "reputation for doing good work" then recommended Evans file the present motion. *Id.*

Federal Rule of Civil Procedure 60(b)(6) allows courts to "relieve a party . . . from a final judgment . . . [for] any . . . reason that justifies relief." "[R]elief under this clause," however, "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

In no universe is receiving bad legal advice from an unlicensed, incarcerated non-attorney possibly an "exceptional circumstance[]." *Id.* The Court wagers this situation recurs with some frequency. This Court therefore cannot grant relief under Rule 60(b)(6).[1] To do otherwise would be an abuse of discretion. Evans's motion is **DENIED**.

This ___ day of April 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even if the Court could grant the requested relief, Evans's proposed amended complaint is, in reality, an unapproved second or successive habeas petition because it "seeks to add a new ground of relief" by raising a double jeopardy claim not present in his original motion. *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)); *see* 28 U.S.C. § 2255(h) (requiring second or successive motions to be certified by a court of appeals before consideration by a district court). District courts lack jurisdiction over such filings and thus must dismiss them. *See Spivey v. State Bd. of Pardons and Paroles*, 279 F.3d 1301, 1303 (11th Cir. 2002) (holding that district courts lack jurisdiction over claims and motions that should be treated as second or successive habeas petitions).